**NOT FOR PUBLICATION**

```
             UNITED STATES DISTRICT COURT
                DISTRICT OF NEW JERSEY
```

ANDERSON J.W. COX,              :
                                :   Civil Action No. 12-4403 (PGS)
        Petitioner,             :
                                :
        v.                      :   **OPINION**
                                :
BRIAN ELWOOD, et al.,           :
                                :
        Respondents.            :


**APPEARANCES:**

Petitioner pro se
Anderson J.W. Cox
Monmouth County Correctional Institution
Freehold, NJ  07728

Counsel for Respondents
Charles Scott Graybow
Assistant U.S. Attorney
District of New Jersey
970 Broad Street, Suite 700
Newark, NJ 07102


**SHERIDAN**, District Judge

   Petitioner Anderson J.W. Cox, an alien presently in the custody of the Department of Homeland Security ("DHS") and confined at Monmouth County Correctional Institution in Freehold, New Jersey, has submitted a petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2241.[1]  All Respondents other than Warden Brian Elwood will be dismissed.[2]

Petitioner challenges his pre-removal-order mandatory detention, purportedly pursuant to the Immigration and Nationality Act, 8 U.S.C. § 1226(c).  For the reasons set forth below, this Court holds that Petitioner is entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a)(2).

## I.   BACKGROUND

Petitioner Anderson J.W. Cox is a native and citizen of Trinidad and Tobago.  He was admitted to the United States as a non-immigrant visitor in October 1987.  In January 1996, Petitioner adjusted his status to that of a lawful permanent resident on a conditional basis.  In February 2001, his conditional status was removed.

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

[2] Petitioner names as Respondents, in addition to Warden Brian Elwood, various federal immigration officials, the Secretary of the U.S. Department of Homeland Security, and the Attorney General of the United States.  Such remote federal officials are not proper respondents; instead, the proper respondent is the warden of the facility where Petitioner is detained.  See, e.g., Rumsfeld v. Padilla, 542 U.S. 426, 434-436 (2004); Yi v. Maugans, 24 F.3d 500, 507 (3d Cir. 1994).

Petitioner's relevant criminal record includes two convictions in New York for attempted petit larceny.  In June 2004, Petitioner was convicted in New York state court of attempted petit larceny in violation of New York Penal Law §§ 110 and 155.25 and was sentenced to a conditional discharge and community service.  Petitioner failed to perform his community service, and in March 2005 he was resentenced to 15 days in jail.  In April 2006, Petitioner was convicted in New York state court of a second attempted petit larceny in violation of New York Penal Law §§ 110 and 155.25.  Petitioner was sentenced to time served and was released on April 28, 2006.

Petitioner was taken into custody by immigration officials on May 23, 2012, more than six years after his release from jail on his criminal convictions.  Petitioner was served with a Notice to Appear which charged that he was removable under Immigration and Nationality Act § 237(a)(2)(A)(ii), 8 U.S.C. § 1227(a)(2)(A)(ii), based upon his conviction of two crimes allegedly involving moral turpitude not arising out of a single scheme of criminal conduct.  In June 2012, Petitioner moved for, but has not received, a bond hearing.  Petitioner's removal proceedings are ongoing; no final order of removal has yet been entered.

## II.  RELEVANT STATUTES

Title 8 U.S.C. § 1226(a) provides the Attorney General with the authority to arrest, detain, and release an alien during the pre-removal-order period when the decision as to whether the alien will be removed from the United States is pending.  The statute provides,

> (a) Arrest, detention, and release
>
> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) of this section and pending such decision, the Attorney General—
>
>> (1) may continue to detain the arrested alien; and
>>
>> (2) may release the alien on-
>>
>>> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
>>>
>>> (B) conditional parole; but
>>
>> (3) may not provide the alien with work authorization (including an "employment authorized" endorsement or other appropriate work permit), unless the alien is lawfully admitted for permanent residence or otherwise would (without regard to removal proceedings) be provided such authorization.
>
> (b) Revocation of bond or parole
>
> The Attorney General at any time may revoke a bond or parole authorized under subsection (a) of this section, rearrest the alien under the original warrant, and detain the alien.

Certain criminal aliens are subject to mandatory detention pending the outcome of removal proceeding pursuant to 8 U.S.C. § 1226(c)(1)(B), which provides in relevant part that

> The Attorney General shall take into custody any alien who ...
>
> (B) is deportable by reason of having committed any offense covered in Section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title, ... <u>when the alien is released</u>, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense. (emphasis added).

(emphasis added). Section 1226(c)(2) permits release of criminal aliens only under very limited circumstances not relevant here.

### III. DISCUSSION

A. <u>Jurisdiction</u>

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless ... [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody," and (2) the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); <u>Maleng v. Cook</u>, 490 U.S. 488, 490, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989).

This Court has subject matter jurisdiction over this Petition under § 2241 because Petitioner was detained within its

jurisdiction in the custody of DHS at the time he filed his petition.  See Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998).  Petitioner also asserts that his mandatory detention is not statutorily authorized by 8 U.S.C. § 1226(c), and that it violates his due process rights.  See Zadvydas v. Davis, 533 U.S. 678, 699, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001); Bonhometre v. Gonzales, 414 F.3d 442, 445-46 (3d Cir.2005).

B.   Statutory Authority for Petitioner's Detention

Petitioner argues that he should not be subject to mandatory detention under Section 1226(c), based upon his petit larceny convictions, because DHS did not immediately place him into custody when he was released from criminal incarceration for that offense six years ago.  That is, Petitioner argues that district courts have interpreted "when ... released" under Section 1226(c) to mean that DHS is required to detain an alien immediately upon release from criminal incarceration, which did not occur here. Petitioner asserts that the statutory authority for his detention lies under § 1226(a), which permits release under more liberal circumstances.

Respondent argues that the language "when ... released" is ambiguous based on district court splits on this issue.  Because of this ambiguity, the government argues, this Court should defer to the Board of Immigration Appeals' ("BIA") interpretation of

6

this language as decided in Matter of Rojas.[3]  See Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984); Matter of Rojas, 23 I. & N. Dec. 117 (BIA 2001).  Specifically, in Matter of Rojas, the BIA held that the Bureau of Immigration and Customs Enforcement has mandatory detention authority over an alien that has been released from criminal custody for an enumerated offense, and the detention does not need to be immediate based on the objective and design of the statute as a whole.  Matter of Rojas, 23 I. & N. Dec. 117 at 122.  Respondent also relies on a recent Fourth Circuit decision in which that court held that the BIA's interpretation of "when ... released" is permissible and

---

[3] The standards set forth in Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc., 674 U.S. 837 (1984), control a court's review of an agency's construction of its governing statutes.

> When a court reviews an agency's construction of the statute which it administers, it is confronted with two questions.  First, always, is the question whether Congress has directly spoken to the precise question at issue.  If the intent of Congress is clear, that is the end of the matter; for the courts, as well as the agency, must give effect to the unambiguously expressed intent of Congress.  If, however, the court determines Congress has not directly addressed the precise question at issue, the court does not simply impose its own construction on the statute, as would be necessary in the absence of an administrative interpretation.  Rather, if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute.

Chevron, 467 U.S. at 842-43 (footnotes omitted).

plausible and should be given deference.  Hosh v. Lucero, 680 F.3d 375, 378 (4th Cir.2012).  Accordingly, Respondent argues that Petitioner is subject to mandatory detention, based on enumerated offenses in Section 1226(c), even though he was released from incarceration six years before being taken into custody by ICE.

Thus, the proper statutory authority governing petitioner's detention depends on interpretation of "when ... released" under Section 1226(c).  District courts in this Circuit have held that the statutory language, "when ... released," is not ambiguous and the plain meaning of this language is that "when" means "immediately" after release from incarceration, and does not apply to aliens who have been released for years before being taken into immigration custody.  See Parfait v. Holder, No. 11-4877, 2011 WL 4829391 at *9 (D.N.J. Oct.11, 2011); see also Christie v. El-Wood, No. 11-7070, 2012 WL 266454 (D.N.J. Jan.30, 2012); Beckford v. Aviles, No. 10-2035, 2011 WL 3515933 (D.N.J. Aug.9, 2011); Sylvain v. Holder, No. 11-3006, 2011 WL 2580506 (D.N.J. June 28, 2011); but see Diaz v. Mutter, No. 11-4029, 2011 WL 3422856 (D.N.J. Aug.4, 2011) (finding the statutory language ambiguous and deferring to BIA's interpretation of the statute). To reach this conclusion, those courts rely on step one of the Chevron analysis, where "[i]f the intent of Congress is clear, that is the end of the matter; for the court, as well as the

8

agency, must give effect to the unambiguously expressed intent of Congress." Chevron, 467 U.S. at 842–43.  Thus, district courts have held that it was Congress' intent for "when ... released" to mean immediate, whereas "any time after" would be contrary to Congress' intent, as Congress could have expressly required custody "at any time after" or "regardless of when the alien is released."  See, e.g., Parfait, 2011 WL 4829391 at *5 (quoting Alwaday v. Beebe, 43 F.Supp.2d 1130, 1133 (D.Or.1999)).  Thus, the district courts in this Circuit have primarily declined to defer to the BIA's interpretation that "when" essentially means "any time after" and does not require immediacy.  Id.

Chevron's step one analysis can be applied to the present matter where Petitioner was taken into custody six years after his most recent release from incarceration for a predicate offense.  The Court finds that "when ... released" means "immediately" and not "any time after" release as determined by the BIA's interpretation. Matter of Rojas, 23 I. & N. Dec. 117 at 127.

This Court is also not persuaded by the Fourth Circuit's decision in Hosh to defer to the BIA's interpretation of "when ... released" as it is not binding authority on this Court.  The court in Hosh acknowledged that

> numerous district courts previously considering § 1226(c) have reached different conclusions. Some district courts have agreed with the holding we reach herein, finding ambiguity in the statute and giving

>    deference to the BIA's prior interpretation of
>    § 1226(c) in Rojas. Other district courts, however,
>    including several courts within the Fourth Circuit,
>    have held that the plain meaning of § 1226(c) requires
>    a decision in the detainee's favor.

Hosh, 680 F.3d at 379 (internal citations omitted).

Until the Third Circuit decides this issue, this Court will rely on the plain meaning of § 1226(c) as other district courts within this district have ruled. See, e.g., Parfait v. Holder, No. 11-4877, 2011 WL 4829391 at *9 (D.N.J. Oct.11, 2011). Therefore, Petitioner is subject to detention under Section 1226(a) and is entitled to an individualized bond hearing under Section 1226(a)(2).

## IV.   CONCLUSION

For the reasons set forth above, the Court grants a Writ of Habeas Corpus, and directs that Petitioner Anderson J.W. Cox be provided with an individualized bond hearing before an immigration judge, within seven days, pursuant to 8 U.S.C. § 1226(a)(2).   An appropriate Order follows.

> s/Peter G. Sheridan
> Peter G. Sheridan, U.S.D.J.
> United States District Judge

Dated:  August 27, 2012